# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

WALLACE E. SMALLWOOD, JR. and
LINDA F. SMALLWOOD,

       Plaintiffs,

v.                                            Civil Action No. 3:11-CV-87
                                            (GROH)

SOVEREIGN BANK, F.S.B.,

       Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Currently pending before this Court is the plaintiffs' Motion for Leave to File a Second Amended Complaint [Doc. 40], filed March 19, 2012. The defendant responded on April 2, 2012 [Doc. 46], and the plaintiffs replied on [Doc. 48]. Having reviewed the record and the arguments of the parties, this Court concludes that the plaintiffs' motion should be **GRANTED**.

## BACKGROUND

### I.    Factual Allegations

This case involves the adjustable rate mortgage loan a lender now known as Sovereign Bank, F.S.B., extended to the Smallwoods in February 1995 to purchase their home in Shepherdstown, West Virginia. In June 2010, Sovereign Bank began to claim that the Smallwoods were delinquent. The Smallwoods disputed the delinquency.

1

In October 2010, Ms. Smallwood contacted Sovereign Bank to inquire about a loan modification. A bank representative promised to send Ms. Smallwood a loan modification application package. The same representative told Ms. Smallwood that Sovereign Bank would not accept loan payments from the Smallwoods during the pendency of the application. In reliance upon these representations, the Smallwoods made no payments on their loan after September 1, 2010. Two days after receiving the application package, however, the Smallwoods received a notice signed on December 14, 2010, from Amos & Golden, PLLC ("A&G), on behalf of Sovereign Bank, which informed the Smallwoods that their home would be sold at foreclosure on January 11, 2011. The Smallwoods nevertheless completed the modification application and submitted it and the required documentation in January 2011. The January 11, 2011, foreclosure sale was postponed.

From January to March 2011, the Smallwoods made frequent and repeated phone calls to Sovereign Bank in an effort to obtain a loan modification. During these phone conversations, the Smallwoods received conflicting information. Bank representatives made repeated requests for the same information, while assuring the Smallwoods that they should have no trouble obtaining a loan modification. Bank representatives also told the Smallwoods that, even if a modification was denied, the bank would set up a payment plan which would allow them to bring their loan current.

By letter dated April 4, 2011, Sovereign Bank informed the Smallwoods that their modification request had been denied because they had not provided the documentation requested. In response, Ms. Smallwood called the bank and explained that she had sent all the documentation that had been requested by either facsimile or certified mail. The bank representative replied that the denial had been in error and suggested that the

2

Smallwoods resubmit their application. The Smallwoods complied, submitting a second application on May 7, 2011. In the weeks following May 7, 2011, Ms. Smallwood made several calls to Sovereign Bank to check on the status of the plaintiffs' second application. During those calls, Ms. Smallwood again received conflicting or erroneous information.

In early June 2011, the Smallwoods received a letter signed June 6, 2011, sent from A&G, on behalf of Sovereign Bank. In this second letter, the Smallwoods were informed that their home would be sold at foreclosure on June 28, 2011. According to the Smallwoods, this letter incorrectly stated that they were 11 months behind on their mortgage payments. In response, Ms. Smallwood provided information to Sovereign Bank showing that its delinquency assertions were inaccurate. The bank agreed to postpone the June 28, 2011, foreclosure sale.

By letter dated July 15, 2011, Sovereign Bank notified the Smallwoods that their request for a modification had been denied because "Property value exceeds mortgage debt." This was the stated basis though the value of the Smallwoods' property had been in excess of the amount of the loan since the beginning of the modification process and Sovereign Bank was aware of this fact. In response, Ms. Smallwood called the bank to inquire about the repayment plan she had been promised in the event of a denial of her modification application, a plan which Sovereign Bank has still yet to provide.

By letter dated July 27, 2011, A&G notified the Smallwoods on behalf of Sovereign Bank that their home would be sold at foreclosure on August 9, 2011. On August 4, 2011, the Smallwoods' counsel wrote Sovereign Bank requesting, among other things, a review of the Smallwoods' loan account and modification application. Sovereign Bank received this letter on August 8, 2011. A&G agreed to postpone the foreclosure sale until

3

September 20, 2011, in order to provide time to attempt a resolution of the Smallwoods' dispute with Sovereign Bank. As of September 15, 2011, Sovereign Bank had not responded to the plaintiffs' August 4, 2011, letter. However, A&G has agreed to postpone the foreclosure sale.

## II. Procedural History

On September 15, 2011, the Smallwoods filed suit against Sovereign Bank in the Circuit Court of Jefferson County, West Virginia. The original Complaint [Doc. 3-1] contained six causes of action: (1) breach of contract; (2) unfair and deceptive trade practices in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-1-101, *et seq.*; (3) intentional misrepresentation; (4) unfair debt collection in violation of the WVCCPA (5) breach of implied covenant of good faith and fair dealing; (5) and (6) violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*

On October 20, 2011, Sovereign Bank removed the above-styled action to the United States District Court for the Northern District of West Virginia basing jurisdiction upon complete diversity [Doc. 1]. A week later, on October 28, 2011, Sovereign Bank moved to dismiss for failure to state a claim upon which relief can be granted and provided a declaration stating that it is a federal savings bank and that its lending activities are regulated by the Office of Thrift Supervision ("OTS") [Docs. 5 & 6-1].

On November 13, 2011, the Smallwoods filed a First Amended Complaint [Doc. 9], which simply split their breach of implied covenant of good faith and fair dealing cause of action into one based upon the modification agreement or the agreement to enter into a repayment plan and another based upon the deed of trust, leaving their other claims

4

substantially unchanged.  On November 14, 2011, the Smallwoods filed their Response in opposition to Sovereign Bank's Motion to Dismiss [Doc. 10].  On November 21, 2011, Sovereign Bank filed its Reply [Doc. 13].  On December 12, 2011, this Court entered a Scheduling Order [Doc. 18], which set an amendment deadline of April 1, 2012., and a discovery completion deadline of September 30, 2012.

On January 25, 2012, this Court granted in part and denied in part Sovereign Bank's motion to dismiss [Doc. 32].  This Court allowed the Smallwoods' claim for unfair debt collection to proceed.  However, this Court dismissed the Smallwoods' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unfair and deceptive trade practices.  The breach of contract claim was dismissed because this Court found that the Smallwoods had failed to adequately allege the existence of a contract between them and Sovereign Bank and that even assuming they had, the Smallwoods had failed to plead an exception to the statute of frauds.  The breach of the implied covenant of good faith and fair dealing cause of action was dismissed as an improper stand-alone claim unconnected to a viable claim for express breach of contract.  The fraud and unfair and deceptive trade practices claims were dismissed as preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1464, *et seq.*, because the state-law claims sought to regulate the manner in which a federal savings bank considers loan modification applications.

On March 19, 2012, the Smallwoods filed the instant Motion for Leave to File a Second Amended Complaint [Doc. 40].  Specifically, the Smallwoods seek to reassert claims for breach of the implied covenant of good faith and fair dealing, fraud, and unfair

and deceptive trade practices by adding the allegation that the deed of trust required Sovereign Bank to accept the payments they submitted.  The Smallwoods contend that "[b]ecause the newly added claims are tied to an express, written contractual provision in the deed of trust, rather than to the manner in which [Sovereign Bank] considered loan modification applications, none of the grounds discussed by the Court in its prior Order apply to them."  ([Doc. 40] at 2).

On April 2, 2012, Sovereign Bank filed a Response [Doc. 46] in opposition to the Smallwoods' motion.  As its sole basis of opposition, Sovereign Bank argues that "these so-called new, or different claims, arise out of the same documents and 'core of operative facts' as those alleged in the First Amended Complaint and are barred by the doctrine of *res judicata*."  ([Doc. 46] at 2).

On April 11, 2012, the Smallwoods filed a Reply [Doc. 48] in support of their motion.  The Smallwoods argue that "[t]he fatal flaw in [Sovereign Bank's] position is that there is no prior action and no final order which would trigger the application of *res judicata*."  ([Doc. 48] at 4).

## DISCUSSION

**I.     Applicable Standard**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states as relevant to the instant motion:

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

**II.     Analysis**

In opposing the Smallwoods' motion, Sovereign Bank argues that *res judicata* bars their newly asserted claims.  This Court disagrees and concludes that leave should be granted pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Essential to the defense of *res judicata* is that "there must have been a final adjudication on the merits in [a] prior action by a court having jurisdiction of the proceedings." ***Blake v. CAMC, Inc.***, 201 W.Va. 469, 477 498 S.E.2d 41, 49 (1997).  Here, there has been no final adjudication on the merits, let alone in a prior action.

Rule 54(b) of the Federal Rules of Civil Procedure provides as pertinent here:

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . .

As the title indicates, this Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [Doc. 32] adjudicated fewer than all of the Smallwoods' claims. In addition, this Court did not direct entry of a final judgment as to those claims dismissed after expressly determining that there was no just reason for delay.  As such, that Order was not a final adjudication on the merits for the purposes of *res judicata*.  Therefore, Sovereign Bank cannot rely on the defense to oppose the instant motion.

7

Applying Rule 15(a)(2), this Court concludes that leave should be given under the circumstances. First, the Smallwoods' motion for leave is timely, as the motion was filed almost two weeks before the April 1, 2012, amendment deadline. Second, Sovereign Bank will not be prejudiced because the parties have until September 30, 2012, to conduct discovery. Accordingly, the Smallwoods are hereby granted leave to file their Second Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the plaintiffs' Motion for Leave to File a Second Amended Complaint **[Doc. 40]** should be, and hereby is, **GRANTED**. Accordingly, the plaintiffs **SHALL FILE** their Second Amended Complaint forthwith.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED:** April 16, 2012.

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE